**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | | |
|---|---|---|
| FIRST PROFESSIONAL INSURANCE COMPANY, | : | |
| | : | |
| Plaintiff, | : | |
| | : | CIVIL ACTION NO. |
| v. | : | 1:12-CV-00419-RWS |
| | : | |
| OWEN, GLEATON, EGAN, JONES & SWEENEY, LLP and AMY J. KOLCZAK, | : | |
| | : | |
| | : | |
| Defendants. | : | |

## <u>ORDER</u>

This case comes before the Court on Defendants' Second Motion to

Compel [119], Defendants' Motion to Expedite Response to Defendants'

Second Motion to Compel [121], Warren N. Coppedge, Jr.'s Motion to Quash

Subpoena Duces Tecum [129], William Morgan Akin's Motion to Quash or

Modify Subpoena [133], Plaintiff's First Motion to Compel Defendants to

Produce Documents [139], Plaintiff's Motion to Compel Production of

Documents Related to Defendants' Financial Condition [149], Plaintiff's

Motion for Protective Order [151], Plaintiff's Motion to Reconvene Deposition

[154], and Defendants' Motion to Disqualify Attorney and Medical Malpractice

AO 72A
(Rev.8/82)

Experts [157].  After reviewing the record, the Court enters the following

Order.

## Background

This legal malpractice case arose from Defendant Amy J. Kolczak's

violation of a protective order while serving as defense counsel in a medical

malpractice case in Bartow County Superior Court.[1]  The protective order at

issue in the underlying case prohibited any interviews with the plaintiff's

treating physicians without providing plaintiff's counsel prior notice and an

opportunity to attend the interview.  Ms. Kolczak later had a conversation with

a treating physician outside the presence of plaintiff's counsel, which the trial

judge concluded was a violation of the protective order.  To sanction the

violation, the trial judge struck the defendants' answer.  Plaintiff First

Professional Insurance Company ("FPIC"), the defendants' insurer, brought this

action against Defendants Ms. Kolczak and Owen, Gleaton, Egan, Jones &

Sweeney, LLP, arguing it was forced to settle a claim with meritorious defenses

as a result of Ms. Kolczak's alleged malpractice.  The parties have filed various

---

[1]For a complete background of the case, see the Court's Order [65] of
November 25, 2013.

motions concerning discovery issues and how trial will proceed in this action.

## Discussion

### I.    Various Discovery Motions

Defendants' Second Motion to Compel [119] is **DENIED**.  It appears that documents Plaintiff is required to produce have now been produced.  In addition, Defendants' Motion to Expedite Response to Defendants' Second Motion to Compel [121] is **DENIED as moot**.

Warren N. Coppedge, Jr.'s Motion to Quash Subpoena Duces Tecum [129] involves a subpoena to the Coppedge law firm.  The movant raises concerns about attorney-client privilege and HIPAA.  These concerns do not warrant quashing the subpoena in its entirety.  Rather, the movant should produce documents not affected by these issues and state specific objections and provide a privilege log for affected documents within **14 days** of the entry of this Order.  The Motion to Quash [129] is **DENIED**.

William Morgan Akin's Motion to Quash or Modify Subpoena [133] involves a subpoena to Lester Tate, the attorney Owen Gleaton brought in to fight the sanctions motion in Superior Court.  The motion suggests that attorney-client privilege may apply to some of the requested documents and

3

requests additional time to review them.  Defendants joined the motion [148]

and argued the documents sought by Plaintiff are irrelevant.  Movants argue

that they have had inadequate time to comply with the subpoena and seek time

to complete a review so that privileged documents can be specifically identified.

Therefore, the Motion to Modify Subpoena [133] is **GRANTED**, and movants

are **ORDERED** to produce responsive documents and to provide an appropriate

privilege log for documents as to which the privilege is asserted within **14 days**

of entry of this Order.

      In Plaintiff's First Motion to Compel Defendants to Produce Documents

[139], Plaintiff seeks to compel production of emails and attachments generated

by Defendants that are responsive to FPIC's First Request for Documents No.

4.  This generally covers communications among attorneys inside and outside

Owen Gleaton concerning the underlying action, the motion for sanctions, the

appeal, and the malpractice claim.  Plaintiff attached a lengthy privilege log that

Defendant had previously provided.  However, it appears this log was provided

in response to a request for documents made by FPIC before this suit was even

filed.  Defendants point out that many of the documents listed on the log have

actually been produced.  For those documents that have not been produced,

AO 72A
(Rev.8/82)

Defendants assert attorney-client privilege, attorney work product, or that the documents are not relevant.  In response to the motion, Defendants also asserted it is not timely.  Under our local rules, it is timely.

Plaintiff's First Motion to Compel [139] is **GRANTED**, and Defendants are **ORDERED** to provide any withheld documents for an *in camera* review by the Court within **14 days** of entry of this Order.  Defendants shall also provide a log stating for each document: the type of document, the date of creation, the author, the recipient, and a brief explanation of the applicable privilege or objection.  For the privilege claims, the Court will apply the standards enunciated in <u>St. Simons Waterfront, LLC v. Hunter, Maclean, Exley, & Dunn, PC</u>, 293 Ga. 419 (2013).

In Plaintiff's Motion to Compel Production of Documents Related to Defendants' Financial Condition [149], Plaintiff seeks financial information regarding Defendants for use as evidence in its claim for punitive damages. Defendants assert that Plaintiff has failed to make an evidentiary showing that a factual basis exists for the punitive damages claim.  While such a showing is required under state law, federal law does not require it.  <u>WTI, Inc. v. Jarchem Indus., Inc.</u>, No. 2:10-CV-0238-RWS, 2013 WL 142318, at *3 (Jan. 11, 2013).

5

Therefore, the Motion to Compel [149] is **GRANTED**.  However, the request is overbroad.  Defendants are required to produce the requested documents for Owen Gleaton, but not financial information of individual partners.  The parties may confer in an effort to agree on production that will be mindful of the sensitive nature of the requested documents.

In Plaintiff's Motion to Reconvene Deposition [154], Plaintiff seeks a second deposition of the 30(b)(6) representative of Owen Gleaton.  The motion is **DENIED**.  Plaintiff's concerns about the unresponsiveness to Topics 17-23 are adequately addressed by the Court's granting of Plaintiff's motion to Compel [149].  However, the Court finds that Plaintiff is entitled to a response to several discrete questions propounded in the deposition and not adequately answered by the witness.  Plaintiff is entitled to a response by Owen Gleaton to which Owen Gleaton will be bound at trial.  Within **14 days** of the entry of this Order, Owen Gleaton shall file verified answers to the following questions.  If Owen Gleaton does not know, such response may be stated, and Owen Gleaton will be held to that position at trial.

> (1) State the date the firm first contacted FPIC about the Motion
> for Sanctions, and identify the Owen Gleaton representative who
> made contact and the FPIC representative contacted.

6

(2) State the identity of the person at FPIC that Amy Kolczak allegedly spoke to in December 2009 after the Motion for Sanctions was filed.

(3) State the date the firm first contacted the Insureds about the Motion for Sanctions.

Next, Defendants argue in their Motion to Disqualify [157] that the Court should disqualify (1) the medical malpractice experts who were slated to testify for the defense in the underlying case and whom Defendants retained to testify in this action, and (2) the two attorneys representing Plaintiff.

Defendants note that on June 21, 2012, they disclosed that they had retained a number of doctors as experts who had been retained on behalf of the defendants in the underlying case.  (Defs.' Br., Dkt. [157-1] at 3.)  On November 5, 2014, FPIC submitted documents to Defendants purporting to retain several of those experts.  (Id. at 5.)  Defendants argue that these experts should be disqualified because Defendants had a reasonable basis to conclude that they had a confidential relationship with the experts and disclosed confidential and privileged information to them.  (Id. at 6.)  However, the Court finds that these experts are witnesses to the underlying medical malpractice action for the purposes of this case.  In that regard, either party could call them

7

to testify about the evidence developed in the underlying litigation.  Moreover, no new expert reports are required for the medical malpractice claims because, as the Court explains below, the parties must rely on the witnesses and experts from the underlying litigation.  Moreover, the Court finds that the conduct of Plaintiff's attorneys does not merit disqualification.  Accordingly, Defendants' Motion to Disqualify Attorney and Medical Malpractice Experts [157] is **DENIED**.

## II.    Plaintiff's Motion for Protective Order [151]

Pursuant to the Court's October 21, 2014 Scheduling Order [142], FPIC filed its Motion for Protective Order arguing that the parties are not required to conduct a "trial-within-a-trial" of the underlying medical malpractice case to determine whether Defendants' misconduct caused FPIC's losses.  If the parties are required to conduct a trial-within-a-trial, FPIC argues that the evidence should be limited to the theories and evidence developed in the underlying case at the time of settlement.

Defendants respond that a legal malpractice plaintiff who was the defendant in the original litigation must conduct a trial-within-a-trial to prove

AO 72A
(Rev.8/82)

their damages.  Defendants also argue that they are not limited to the record developed in the original action.

> A.    Trial-Within-a-Trial Issue

According to FPIC, "[t]he Court should not require [it] to conduct a trial-within-a-trial to prove causation because FPIC is not a former plaintiff whose alleged injury is the loss or impairment of a legal claim or even the lost opportunity to litigate a legal claim."  (Pl.'s Mot. for Protective Order, Dkt. [151] at 10.)  FPIC argues that proving the outcome of a trial is not the only way it can prove its damages.  Instead, FPIC states that it could show that it could have settled the case for far less than $2 million had its answer not been struck.  (See id. at 11-12.)

The Georgia Supreme Court has explained that "[t]o establish causation and injury in a legal malpractice action, the plaintiff is often compelled to prove the equivalent of two cases in a single proceeding or what has been referred to as a 'suit within a suit.' "  Leibel v. Johnson, 728 S.E.2d 554, 556 (Ga. 2012) (quoting Cook v. Cont'l Cas. Co., 509 N.W.2d 100, 104-05 (Wis. Ct. App. 1993)).  Georgia courts do not hold, however, that winning a trial-within-a-trial is the exclusive means by which a legal malpractice plaintiff can prove her

AO 72A
(Rev.8/82)

claim.  Although Georgia courts have not fully explained the circumstances under which a trial-within-a-trial or some other method of proof is appropriate in a legal malpractice action, courts have suggested that a legal malpractice plaintiff does not necessarily have to prove that they would have won at trial, but instead could recover for the settlement value of a lost claim.  See, e.g., Tunsil v. Jackson, 546 S.E.2d 875, 878 (Ga. Ct. App. 2001) (stating that a trial court did not err in denying a motion for directed verdict on a legal malpractice claim when there were facts demonstrating that "the underlying case had settlement value"); Szurovy v. Olderman, 530 S.E.2d 783, 786 (Ga. Ct. App. 2000) (affirming summary judgment for a legal malpractice defendant when the plaintiff "failed to show that she could have negotiated a better agreement or that she would have obtained better results in a trial"); Freeman v. Pittman, 469 S.E.2d 543, 545 (Ga. Ct. App. 1996) (noting that the fact that plaintiff had negotiated favorable settlements with two lien holders created a reasonable inference that plaintiff could have reached a favorable settlement with a third lien holder but for the attorney's malpractice).  Therefore, the Court finds that requiring Plaintiff to show that it would have prevailed at trial in the underlying

10

case is unduly restrictive.[2]  On the other hand, Defendants must still be afforded an opportunity to present their evidence that they did not cause FPIC's damages because the plaintiffs in the underlying case would have prevailed anyway.

For these reasons, at trial FPIC would have the burden to prove by a preponderance of the evidence that, but for the legal malpractice, the defendants in the underlying suit would have been more likely to win at trial or negotiate a better settlement.  Defendants would then have the opportunity to put up evidence of the underlying plaintiffs' case to show that the medical-malpractice defendants would not have prevailed or negotiated a better settlement.  Under this framework, FPIC need not prove it would have won at trial as the sole avenue for recovery.

B.    Whether New Evidence Can Be Presented

A related issue is whether the parties may submit new evidence

---

[2]Courts in other states have reasoned that forcing a legal malpractice plaintiff to prove the outcome of a trial-within-a-trial is not always ideal because it ignores the possibility that the client could have achieved a favorable settlement.  See, e.g., Labair v. Carey, 291 P.3d 1160, 1169 (Mont. 2012) ("The District Court also failed to consider that 'success' contemplates alternative avenues of recovery.  The District Court's approach contemplated nothing short of a full jury trial, and failed to account for the most common form of client recovery—pretrial settlement."); Lieberman v. Emp'rs Ins. of Wausau, 419 A.2d 417, 426-27 (N.J. 1980) (discussing problems with the trial-within-a-trial method and burdens of proof when the legal malpractice plaintiff is a defendant in the underlying suit).

11

pertaining to the underlying medical malpractice case or whether they are restricted to the evidence in the record at the time of settlement.  Defendants rely on <u>Blackwell v. Potts</u>, 598 S.E.2d 1 (Ga. Ct. App. 2004), in arguing that the parties are not limited to the record developed in the original litigation.  In <u>Blackwell</u>, the plaintiffs alleging legal malpractice had been the plaintiffs in a medical malpractice action.  <u>Id.</u> at 2.  In the underlying case, the plaintiffs' lawyers voluntarily dismissed the action on the mistaken assumption that it could be re-filed when in fact the statute of repose barred re-filing the claim. <u>Id.</u> at 3.  In the legal malpractice action that followed, the trial court held that the parties were restricted "solely to the evidence developed in the underlying case" and could not introduce additional expert testimony.  <u>Id.</u> at 4.  The Georgia Court of Appeals reversed, holding that under the trial court's rule, the defendant-attorneys would have been rewarded for their failure "to obtain additional expert testimony in the first instance."  <u>Id.</u>  The better course, the court held, was to allow additional evidence because "a rule that would restrict plaintiffs in legal malpractice actions to the record in the underlying case" would "make impossible the already difficult task of showing that but for the

negligence of their attorneys, plaintiffs would have prevailed in the underlying action." Id. at 5.

Defendants contend that this case stands for the proposition that "the evidence in a legal malpractice case is not limited to the evidence within the four corners of the underlying case's record." (Defs.' Resp., Dkt. [155] at 5.) But Plaintiff argues that Blackwell was meant to ease the burden on legal malpractice plaintiffs who were plaintiffs in the underlying suit and does not go so far as to hold that new evidence should be permitted in all legal malpractice actions. Furthermore, Plaintiff points out that the Georgia Supreme Court's language in Leibel, holding that the goal of a trial-within-a-trial is to determine what the outcome should have been by presenting "the underlying case as it should have been presented," 728 S.E.2d at 556 (quoting Cook, 509 N.W.2d at 104-05), does not mean that new evidence is always admissible. (See Pl.'s Reply, Dkt. [162] at 6.) According to Plaintiff, in Leibel,

> the court was discussing a case where the client was a plaintiff in the underlying case contending that her lawyer failed to properly present her case. Therefore, the phrase 'should have been presented' refers to how the plaintiff's case should have been presented if her lawyer had not been negligent.

(Id.)

13

The Court agrees with Plaintiff.  The Court will limit the evidence in this case to that developed in the underlying medical malpractice action.  Unlike in Blackwell, the rationale for allowing new evidence does not exist here because there is no risk of Defendants benefitting from their previous negligence in developing the record.  In Blackwell, the court permitted additional discovery because the purpose of the trial-within-a-trial was to take the party who had been wronged by legal malpractice, put them in the position they would have been if their attorneys had not committed malpractice, and let a jury decide if the plaintiffs had a winning claim.  Here, by contrast, where the legal malpractice plaintiff was a defendant in the underlying case, the Court finds that it is appropriate to limit evidence to the record developed in the previous case because FPIC seeks to show that if Defendants had not committed malpractice, FPIC would have achieved a more favorable settlement or a defense verdict on the record as it existed.  Permitting Defendants to submit evidence in support of the original medical malpractice claim would not accurately reflect the situation FPIC faced in the underlying case at the time of Defendants' alleged malpractice.  Limiting the evidence, on the other hand, will allow Plaintiff to

present the case as they argue it should have been presented had Defendants not been negligent.

## Conclusion

For the foregoing reasons, the Court orders as follows:

1.  Defendants' Second Motion to Compel [119] is **DENIED**;

2.  Defendants' Motion to Expedite Response to Defendants' Second Motion to Compel [121] is **DENIED as moot**;

3.  Warren N. Coppedge, Jr.'s Motion to Quash Subpoena Duces Tecum [129] is **DENIED**;

4.  William Morgan Akin's Motion to Modify Subpoena [133] is **GRANTED**, and the subpoena is modified as follows: movants are **ORDERED** to produce responsive documents and to provide an appropriate privilege log for documents as to which the privilege is asserted within **14 days** of entry of this Order;

5.  Plaintiff's First Motion to Compel Defendants to Produce Documents [139] is **GRANTED**, and Defendants are **ORDERED** to provide any withheld documents for an *in camera* review by the Court within **14 days** of entry of this Order. Defendants shall also provide a log stating for

each document: the type of document, the date of creation, the author, the recipient, and a brief explanation of the applicable privilege or objection;

6.   Plaintiff's Motion to Compel Production of Documents Related to Defendants' Financial Condition [149] is **GRANTED**;

7.   Plaintiff's Motion for Protective Order [151] is **GRANTED** as set forth in this Order;

8.   Defendants' Motion to Reconvene Deposition [154] is **DENIED**. However, the Court finds that Plaintiff is entitled to a response to several discrete questions propounded in the deposition and not adequately answered by the witness.  Plaintiff is entitled to a response by Owen Gleaton to which Owen Gleaton will be bound at trial.  Within **14 days** of the entry of this Order, Owen Gleaton shall file verified answers to the following questions.  If Owen Gleaton does not know, such response may be stated, and Owen Gleaton will be held to that position at trial.

> (1) State the date the firm first contacted FPIC about the Motion for Sanctions, and identify the Owen Gleaton representative who made contact and the FPIC representative contacted.
>
> (2) State the identity of the person at FPIC that Amy Kolczak allegedly spoke to in December 2009 after the

16

Motion for Sanctions was filed.

(3) State the date the firm first contacted the Insureds about the Motion for Sanctions.

9.      Defendants' Motion to Disqualify Attorney and Medical Malpractice Experts [157] is **DENIED**.

In its October 21, 2014 Order [142], the Court stayed discovery pending a ruling on the trial-within-a-trial discovery issue. Having ruled on that issue, the parties are **ORDERED** to confer in an effort to agree upon a scheduling order for the case. In the event the parties are unable to reach agreement, they may request a conference with the Court.

**SO ORDERED**, this  22nd  day of April, 2015.


**RICHARD W. STORY**
United States District Judge

17