IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| FIRST PROFESSIONALS INSURANCE COMPANY, | : : : |
| Plaintiff, | : : |
| v. | : CIVIL ACTION NO. : 1:12-CV-419-RWS |
| OWEN, GLEATON, EGAN, JONES & SWEENEY, LLP and AMY J. KOLCZAK, | : : : : : |
| Defendants. | : |

# **ORDER**

This case comes before the Court on Plaintiff's Motion for Partial Summary Judgment [239] and the Court's Scheduling Order [263] in which it directed the parties to brief whether Plaintiff waived its breach of fiduciary duty claim. After reviewing the record, the Court enters the following Order.

## **Background**[1]

---

[1] The Court notes that Defendants' Response to Plaintiff's Statement of Material Facts ("Defs.' SMF") [254-1] fails to comply with Local Rule 56.1(B)(2). Under that rule, such a response must "contain individually numbered, concise, nonargumentative responses corresponding to each of the movant's numbered undisputed material facts." L.R. 56.1(B)(2), N.D. Ga. Rather than responding to each paragraph in Plaintiff's Statement of Material Facts [239-1] ("Pl.'s SMF"),

AO 72A
(Rev.8/82)

This case involves alleged legal malpractice arising out of a medical malpractice lawsuit ("underlying case"). The underlying case was filed on August 20, 2004, by Michelle Buttacavoli and her daughter, Nicole Buttacavoli, alleging that their medical providers committed medical malpractice during Nicole's birth. The medical providers were insured by the Plaintiff in this case—First Professionals Insurance Company ("FPIC"). After the underlying case was filed, Plaintiff retained Defendant Owen, Gleaton, Egan, Jones & Sweeney, LLP ("OGEJS") to represent the medical providers in the underlying case.

The alleged legal malpractice occurred when Defendant Kolczak, an attorney at OGEJS, violated a court order. This prompted the judge in the underlying case to issue a sanctions order striking the medical providers' defensive pleadings. In August 2010, the Buttacavolis' lawyer sent Plaintiff a demand letter offering to settle the case in full for $2 million. Initially, this offer expired after ten days, but the Buttacavolis extended it multiple times. It ultimately expired on November 29, 2010. Six days prior, on November 23, Plaintiff's insurance coverage attorney emailed, faxed, and mailed a formal

---

Defendants provide their own, unrelated set of facts.

demand to OGEJS enclosing the Buttacavolis' demand and demanding that OGEJS pay the $2 million demand.  On November 29, OGEJS responded that neither it nor its malpractice carrier would contribute anything towards settlement at that time.  FPIC ultimately accepted and paid the $2 million demand.

Plaintiff filed this legal malpractice suit on February 8, 2012, setting forth claims for legal malpractice (Counts I, II, and III), fraud, (Count IV), attorneys' fees (Count V), and punitive damages (Count VI).  Plaintiff later amended its Complaint to include a breach of fiduciary duty claim.

Plaintiff filed its Motion for Partial Summary Judgment [239] on February 14, 2016.  After concerns arose that Defendants' counsel, Hawkins Parnell Thackston & Young, LLP ("HPTY") might be forced to withdraw if Plaintiff pursued its breach of fiduciary duty claim, the Court issued briefing on whether Plaintiff had waived that claim and, if it had not, whether HPTY would in fact be required to withdraw.

## Discussion

**I.   Whether Plaintiff Waived its Breach of Fiduciary Duty Claim**

After reviewing the parties' submissions, the Court finds that Plaintiff

3

has not waived its breach of fiduciary duty claim. The Court also finds that, even if Plaintiff pursues this claim, HPTY is not required to withdraw from this case. Having resolved this issue, the Court now turns to Plaintiff's Motion for Partial Summary Judgment [239].

**I.    Plaintiff's Motion for Partial Summary Judgment [239]**

    A.    Legal Standard

Federal Rule of Civil Procedure 56 requires that summary judgment be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). "The moving party bears 'the initial responsibility of informing the . . . court of the basis for its motion, and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact.'" Hickson Corp. v. N. Crossarm Co., 357 F.3d 1256, 1260 (11th Cir. 2004) (quoting Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986) (internal quotations omitted)). Where the moving party makes such a showing, the burden shifts to the non-movant, who must go beyond the pleadings and present affirmative evidence to show that a genuine issue of

material fact does exist. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 257 (1986).

The applicable substantive law identifies which facts are material. Id. at 248. A fact is not material if a dispute over that fact will not affect the outcome of the suit under the governing law. Id. An issue is genuine when the evidence is such that a reasonable jury could return a verdict for the non-moving party. Id. at 249-50.

Moreover, in resolving a motion for summary judgment, the court must view all evidence and draw all reasonable inferences in the light most favorable to the non-moving party. Patton v. Triad Guar. Ins. Corp., 277 F.3d 1294, 1296 (11th Cir. 2002). But, the court is bound only to draw those inferences that are reasonable. "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial." Allen v. Tyson Foods, Inc., 121 F.3d 642, 646 (11th Cir. 1997) (quoting Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986)). "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." Anderson, 477 U.S. at 249-50 (internal citations omitted); see also Matsushita, 475 U.S. at 586 (once the moving party has met

5

its burden under Rule 56(a), the nonmoving party "must do more than simply show there is some metaphysical doubt as to the material facts").

B.   Analysis

Plaintiff moves for summary judgment on three issues: (1) Defendants' comparative negligence defense; (2) Defendants' voluntary payment defense; and (3) whether it is entitled to over $700,000 in prejudgment interest. This Order will address only the prejudgment interest issue. The Court will rule upon the remaining issues in a separate Order.

Plaintiff argues that if it obtains judgment for the $2 million settlement payment then it is entitled to prejudgment interest on that payment. (Pl.'s MPSJ Br., Dkt. [239] at 12.) Plaintiff relies on the demand letter it sent to OGEJS on November 23, 2010, which demanded that OGEJS pay the Buttacavolis' $2 million demand by November 29, 2010. (Pl.'s SMF, Dkt. [239-1] ¶ 80.) Plaintiff argues that this demand letter set forth a liquidated demand that automatically bears interest under O.C.G.A. § 7-4-15. (Id. at 12-13.) Defendants respond that this issue is not ripe as Plaintiff has not yet obtained judgment and that, in any event, the $2 million demand was not liquidated. (Defs.' MPSJ Opp'n. Br., Dkt. [254] at 10.)

6

The Court will begin with the statute, which provides that:

> All liquidated demands, where by agreement or otherwise the sum to be paid is fixed or certain, bear interest from the time the party shall become liable and bound to pay them; if payable on demand, they shall bear interest from the time of the demand . . . .

O.C.G.A. § 7-4-15.  As an initial matter, it is not even clear that this statute applies in this case.  A thorough review of cases analyzing O.C.G.A. § 7-4-15 has failed to reveal a single case where the court discusses an extra-contractual demand.  Rather, in all of the cases the Court has reviewed, the issue of liquidation relates to demands made to fulfill contractual obligations.  See e.g., Here, by contrast, Plaintiff's $2 million demand was not based on any contractual obligation Defendants owed to Plaintiff.  Instead, the demand represented the limits of the insurance policy between Plaintiff and its insured—a third party.  Defendants were not parties to this policy and thus had not contracted to pay out demands made under its terms.

Even assuming that O.C.G.A. § 7-4-15 does apply, the Court finds that Plaintiff's demand was not liquidated.  Under Georgia law, "[a] demand is liquidated when the sum owed is fixed and certain, meaning 'there [is] no bona fide controversy over the amount.'"  Estate of Callaway v. Garner, 772 S.E.2d

7

668, 671 (Ga. 2015) (quoting Those Certain Underwriters at Lloyds London v. DTI Logistics, Inc., 686 S.E.2d 333, 339 (Ga. Ct. App. 2009)). In other words, a liquidated demand is "a sum which cannot be changed by the proof." Holloway v. State Farm Fire & Cas. Co., 537 S.E.2d 121, 124 (Ga. Ct. App. 2000).

Again, Plaintiff argues that the $2 million demand was liquidated because this sum represented the full extent of FPIC's policy limits. (Pl.'s MPSJ Br., Dkt. [239] at 13.) But these policy limits are in dispute. Plaintiff claims they are $2 million; Defendants claim they are $1 million. Thus, the parties are engaged in a "bona fide controversy" as to whether the demand was for an appropriate amount.[2]

## Conclusion

In accordance with the foregoing, Plaintiff's Motion for Partial Summary Judgment [239] is **DENIED in part**. As there are still issues pending within this motion, the Clerk is directed to retain its status as pending.

---

[2] Citing Hampshire, Plaintiff argues that the $2 million demand is not unliquidated simply because Defendants argue that only one policy limit was triggered. 655 S.E.2d 316, 319-20 (Ga. Ct. App. 2007). But Hampshire is easily distinguishable as the claims in that case arose out of commercial accounts and thus the applicable statute was O.C.G.A. § 7-4-16, not O.C.G.A. § 7-4-15.

AO 72A
(Rev.8/82)

As Plaintiff has not waived its breach of fiduciary duty claim, Plaintiff may pursue that claim at trial.

After considering the issues in the case, the Court has determined that each side will have 25 hours at trial.

**SO ORDERED**, this 29th day of February, 2016.

_____
**RICHARD W. STORY**
United States District Judge